UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BUDCO FINANCIAL SERVICES, LLC, et al., | ) ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | Case No.  4:20-cv-01873-SRC |
| v. | ) | |
| | ) | |
| VSC NOW LLC, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

**<u>Memorandum and Order</u>**

After paying over half a million dollars to finance vehicle service contracts with non-existent customers, Budco sued David Simpson, Sean Miller, and William Finley for fraud and breach of contract.  The Court granted Budco's motion to enforce settlement with Simpson (the only defendant to appear), Doc. 78, and entered default judgment as to Defendants Finley and Miller, Doc. 82.  Budco now moves under Fed. R. Civ. P. 54(d) for $76,148.64 in attorney's fees and costs against defaulted-defendants Finley and Miller.  Doc. 83.

## I.    Standard

"[S]tate law governs the availability of attorney fees in diversity cases where no conflicting federal statute or court rule applies."  *Ryan Data Exch., Ltd. v. Graco, Inc.*, 913 F.3d 726, 735 (8th Cir. 2019).  In a diversity action such as this, the Court "must follow the choice of law rules of the state in which it sits in order to determine which state's substantive law applies."  *Birnstill v. Home Sav. of Am.*, 907 F.2d 795, 797 (8th Cir. 1990) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496 (1941)).

Under Missouri choice-of-law rules, "[a] choice of law provision in a security agreement or contract is generally enforced."  *Stone v. Crown Diversified Indus. Corp.*, 9 S.W.3d 659, 666

(Mo. Ct. App. 1999) (citations omitted).  The Budco–VSC Now Seller Participation Agreement contains a choice-of-law provision stating:  "This Agreement will be construed in accordance with, and governed by, the laws of the State of Michigan, without regard to its conflict of laws principles[] [i]f a dispute arises between the parties arising out of or relating to this Agreement."  Doc. 1-1 at p. 6.  Further, the personal guaranties Finley and Miller signed, which are attached to the Agreement, state that "[t]he validity and construction of this guaranty shall be governed by the laws of the State of Michigan."  *Id.* at pp. 9–10.  The Court therefore applies Michigan law to determine whether Budco is entitled to attorney's fees under the Agreement.

"Michigan follows what is commonly termed the 'American rule' with regard to payment of attorney fees."  *McAuley v. Gen. Motors Corp.*, 578 N.W.2d 282, 285 (Mich. 1998) (citing *Popma v. Auto Club Ins. Ass'n*, 521 N.W.2d 831 (Mich. 1994)).  Although "[u]nder this rule, attorney fees generally are not recoverable from the losing party" absent some statutory or court-rule-based exception, *id.* at 519, they "may . . . be awarded where provided by contract of the parties," *id.* at n.7 (citing *Zeeland Farm Services, Inc. v. JBL Enterprises, Inc.*, 555 N.W.2d 733, 736 (Mich. Ct. App. 1996)).

Attorney's fees provisions in a contract "are judicially enforceable," though "recovery is limited to reasonable attorney fees."  *Zeeland*, 555 N.W.2d at 736 (citing *Cent. Transp., Inc. v. Fruehauf Corp.*, 362 N.W.2d 823, 829 (Mich. Ct. App. 1984)); *see also Advanced Accessory Sys., LLC v. Gibbs*, 71 F. App'x 454, 464 (6th Cir. 2003) ("Under Michigan law, parties to a contract may agree that the breaching party must pay the reasonable attorneys' fees of the other side." (citing *Zeeland*, 555 N.W.2d at 736)); *Cent. Transp., Inc.*, 362 N.W.2d at 829 ("Contractual provisions for payment of reasonable attorney fees are judicially enforceable.").

"Because the authority to award attorney fees arises under the terms of the agreement, the attorney fees are a type of general damages" and "need not be specifically pleaded." *Pransky v. Falcon Grp., Inc.*, 874 N.W.2d 367, 383 (Mich. Ct. App. 2015) (citing *Fleet Bus. Credit v. Krapohl Ford Lincoln Mercury Co.*, 735 N.W.2d 644, 647 (Mich. Ct. App. 2007)).  The party seeking attorney's fees bears the burden of proving reasonableness. *See Smith v. Khouri*, 751 N.W.2d 472, 478 (Mich. 2008); *Zeeland*, 555 N.W.2d at 736.

## II.   Discussion

### A.   Liability

The Court now considers Budco's motion for attorney's fees.  Doc. 83 at p. 2.  Miller and Finley signed the Budco–VSC Now Agreement as personal guarantors.  *Id.* at p. 6.  Miller and Finley each also signed a separate personal guaranty, which states:  "Budco Financial Services, LLC shall be entitled to reasonable attorney's fees and collection costs in any proceeding to enforce or collect under this Guaranty."  Doc. 1-1 at pp. 9–10.  Miller and Finley's separate personal guarantees are attached to the Budco–VSC Now Seller Participation Agreement.  *See id.* at pp. 1–11.

As mentioned, under Michigan law, parties may include attorney's fees provisions in a contract, and "such provisions are judicially enforceable." *Zeeland*, 555 N.W.2d at 736 (citations omitted).  Further, in count 4 of its Complaint, "Breach of Contract (Guarantee) – Individual Defendants," Budco stated that each guaranty provides that "Budco . . . shall be entitled to reasonable attorney's fees and collection costs," and included with that count a demand for "fees and costs."  Doc. 1 at ¶ 51; *see Pransky*, 874 N.W.2d at 383.  The Court finds that Budco's contract with Miller and Finley entitles Budco to reasonable attorney's fees arising out of this breach-of-contract action.

### B.      Reasonableness

In *Smith v. Khouri*, the Michigan Supreme Court summarized the approach courts should

take when determining reasonableness of attorney's fees:

> In determining a reasonable attorney fee, a trial court should first determine the fee customarily charged in the locality for similar legal services.  In general, the court shall make this determination using reliable surveys or other credible evidence.  Then, the court should multiply that amount by the reasonable number of hours expended in the case.  The court may consider making adjustments up or down to this base number in light of the other factors listed in *Wood* and MRPC 1.5(a).  In order to aid appellate review, the court should briefly indicate its view of each of the factors.

751 N.W.2d at 483.  In *Pirgu v. United Services Automobile Ass'n*, the Michigan Supreme Court

distilled *Smith*'s "other factors" to the following list:

> (1) the experience, reputation, and ability of the lawyer or lawyers performing the services,
>
> (2) the difficulty of the case, i.e., the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly,
>
> (3) the amount in question and the results obtained,
>
> (4) the expenses incurred,
>
> (5) the nature and length of the professional relationship with the client,
>
> (6) the likelihood, if apparent to the client, that acceptance of the particular employment will preclude other employment by the lawyer,
>
> (7) the time limitations imposed by the client or by the circumstances, and
>
> (8) whether the fee is fixed or contingent.

884 N.W.2d 257, 264 (Mich. 2016).  Though these factors are not exclusive, courts should

"briefly discuss its view of each of the factors above on the record and justify the relevance and

use of any additional factors."  *Id.* at 265–65.

Although *Smith* and *Pirgu* involved awards of attorney's fees under various statutes,

Michigan courts apply the *Smith–Pirgu* framework to determine the reasonableness of attorney's

fee awards based on contractual provisions like the one in this case. *See, e.g.*, *de Simone v. Barberio*, No. 351424, 2021 WL 2774142, at *3–4 (Mich. Ct. App. July 1, 2021), *appeal denied*, 973 N.W.2d 131 (Mich. 2022) ("Although *Smith* did not involve attorney fees arising out of the parties' contract as in this case, the framework set forth by our Supreme Court in *Smith*, and reiterated in *Pirgu*, remains the standard for determining the reasonableness of requested attorney fees."); *Wexford Parkhomes Condo. Ass'n v. Kajma*, No. 345611, 2020 WL 598350, at *4 (Mich. Ct. App. Feb. 6, 2020) (same).

With its motion for attorney's fees, Budco attached itemized billing records regarding fees and expenses incurred to date in this case. Doc. 83-1. The Court notes that while Budco previously provided affidavits regarding fees incurred as of June 7, 2022, *see* Doc. 64-1, it did not include affidavits regarding the updated billing records it provided in support of this latest motion. Additionally, as the Court concludes that Michigan law applies, under the *Smith–Pirgu* framework, Budco must provide—among other things—evidence regarding the "fee customarily charged in the locality for similar legal services." *Pirgu*, 884 N.W.2d at 264; *see also id.* at 264 n.45 ("The fees customarily charged . . . can be established by testimony or empirical data found in surveys and other reliable reports." (quoting *Smith*, 751 N.W.2d at 480)).

## III.    Conclusion

Although the Court finds that Budco is entitled to reasonable attorney's fees under its Agreement with Miller and Finley, Budco has not met its burden of proving under the *Smith–Pirgu* framework its entitlement to the fees sought. *See Smith*, 751 N.W.2d at 483; *Pirgu*, 884 N.W.2d at 264. Accordingly, the Court orders Budco to provide, by no later than November 2, 2022, supplemental briefing and evidence in support of its motion. Failure to comply with this order may result in denial of the motion.

5

So Ordered this 26th day of October 2022.

STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE