UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BUDCO FINANCIAL SERVICES, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.  4:20-cv-01873-SRC |
| | ) |
| SEAN M. MILLER, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**<u>Memorandum and Order</u>**

After the Court entered default judgment as to Defendants Sean Miller and William Finley, Budco moved against those Defendants under Fed. R. Civ. P. 54(d) for $76,148.64 in attorneys' fees and expenses. Doc. 83. The Court found that under Michigan law, Budco is entitled to reasonable attorneys' fees under its contract with Miller and Finley, but ordered Budco to provide supplemental briefing and evidence regarding reasonableness of the fees sought. Doc. 84. Having considered Budco's supplemental memorandum and exhibits, Doc. 85, the Court finds that Budco has met its burden of proving reasonableness as to some, but not all, of the fees sought.

**I.    Standard**

"[S]tate law governs the availability of attorney fees in diversity cases where no conflicting federal statute or court rule applies." *Ryan Data Exch., Ltd. v. Graco, Inc.*, 913 F.3d 726, 735 (8th Cir. 2019). The Court previously found that under Michigan law, the provisions regarding attorneys' fees in the personal guaranties that Miller and Finley signed entitle Budco to reasonable attorneys' fees. Doc. 84 at pp. 2–3 (noting that under Michigan law, attorneys' fees provisions in a contract "are judicially enforceable," though "recovery is limited to reasonable

attorney fees" (citing *Zeeland Farm Servs., Inc. v. JBL Enterprises, Inc.*, 555 N.W.2d 733, 736 (Mich. Ct. App. 1996))). The party seeking attorneys' fees bears the burden of proving reasonableness. *See Smith v. Khouri*, 751 N.W.2d 472, 478 (Mich. 2008); *Zeeland*, 555 N.W.2d at 736.

In *Smith v. Khouri*, the Michigan Supreme Court summarized the approach courts should take when determining reasonableness of attorneys' fees:

> In determining a reasonable attorney fee, a trial court should first determine the fee customarily charged in the locality for similar legal services. In general, the court shall make this determination using reliable surveys or other credible evidence. Then, the court should multiply that amount by the reasonable number of hours expended in the case. The court may consider making adjustments up or down to this base number in light of the other factors listed in *Wood* and MRPC 1.5(a). In order to aid appellate review, the court should briefly indicate its view of each of the factors.

751 N.W.2d at 483. In *Pirgu v. United Services Automobile Ass'n*, the Michigan Supreme Court distilled *Smith*'s "other factors" to the following list:

> (1) the experience, reputation, and ability of the lawyer or lawyers performing the services,
>
> (2) the difficulty of the case, i.e., the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly,
>
> (3) the amount in question and the results obtained,
>
> (4) the expenses incurred,
>
> (5) the nature and length of the professional relationship with the client,
>
> (6) the likelihood, if apparent to the client, that acceptance of the particular employment will preclude other employment by the lawyer,
>
> (7) the time limitations imposed by the client or by the circumstances, and
>
> (8) whether the fee is fixed or contingent.

884 N.W.2d 257, 264 (Mich. 2016).  Though these factors are not exclusive, courts should "briefly discuss its view of each of the factors above on the record and justify the relevance and use of any additional factors."  *Id.* at 264–65.

## II. Discussion

### A. Hourly billing rates

The Court first considers counsel for Budco's hourly billing rates.  *Pirgu*, 884 N.W.2d at 264.  Sant's billing rate averaged $366 per hour, and Beck's billing rate averaged $266 per hour.  Doc. 85 at p. 2.  Budco also includes 5.7 hours for paralegal Sarah Soutier, at a rate of $125 per hour.  These amounts are consistent with those customarily charged in the locality for similar services, based on the *Missouri Bar 2021 Economic Survey Report* and *Missouri Lawyers Media* summary Budco provided.  *See* Doc. 85-1.

The Court finds Budco's reliance on these reports appropriate, as "[t]he fees customarily charged . . . can be established by testimony or empirical data found in surveys and other reliable reports."  *Pirgu*, 884 N.W.2d at 264 n.45 (quoting *Smith*, 751 N.W.2d at 480).  Additionally, Michigan courts have recognized that "the actual fee charged, while clearly not dispositive of what constitutes a reasonable fee, *is* a factor to be considered in determining market place [sic] value as it is reflective of competition within the community for business and typical fees demanded for similar work."  *Smith v. Home-Owners Ins. Co.*, No. 358215, 2022 WL 3009715, at *4 (Mich. Ct. App. July 28, 2022) (quoting *Van Elslander v Thomas Sebold & Assoc., Inc.*, 823 N.W.2d 843, 860 (Mich. Ct. App. 2012)).  Having found these billing rates appropriate, the Court uses the hourly rates Budco submitted for Beck, Sant, and Soutier in determining the baseline fee award.

3

### B. Hours expended

Next, the Court considers the number of hours reasonably expended. *Pirgu*, 884 N.W.2d at 264. Budco seeks a total of $72,782.50 in attorneys' fees for 259.97 hours expended. *See* Doc. 83 at pp. 5–6. This includes hours expended after Budco obtained clerk's default against Miller and Finley. Budco argues that "[t]he hours expended were for the prosecution of the case as a whole," and that all of the hours should be included because Budco had to seek to enforce the settlement with Simpson before obtaining default judgment against Miller and Finley to avoid the possibility of inconsistent judgments. Doc. 85 at p. 3 (citing Doc. 23 at p. 2).

As mentioned, the Clerk of Court entered Default Judgment against Miller and Finley "jointly and severally, under counts II (Fraud) and IV (Breach of Individual Guaranties), in the amount of $520,036.12." Doc. 82. The Clerk left the issue of attorneys' fees to be resolved in a separate motion for the Court's consideration.

As the Court previously noted, Doc. 84 at p. 3, under Michigan law, attorneys' fees provided for by a contractual provision are an element of damages. *See Pransky v. Falcon Grp., Inc.*, 874 N.W.2d 367, 383 (Mich. Ct. App. 2015). The relevant contractual provision in the Budco–VSC Now Agreement provides that "Budco Financial Services, LLC shall be entitled to reasonable attorneys' fees and collection costs in any proceeding to enforce or collect under this Guaranty." Doc. 1-1 at pp. 9–10. Miller and Finley signed the Agreement as personal guarantors. *Id.* at pp. 1–11. Additionally, count 4 of the Complaint, "Breach of Contract (Guarantee) – Individual Defendants," includes a demand for "fees and costs." Doc. 1 at ¶ 51.

Thus, Miller and Finley are jointly and severally liable for damages, including reasonable attorneys' fees and costs. This includes fees for hours Budco's counsel expended pursuing the case against Simpson, the only defendant to appear. *See, e.g.*, *Lakeside Retreats LLC v. Camp*

4

*No Couns. LLC*, 985 N.W.2d 225, 232 (Mich. Ct. App. 2022) (concluding that defendants were "jointly and severally responsible for all attorney fees incurred" where the award of attorneys' fees was based on a contractual provision entitling the plaintiff to "reasonable attorneys' fees . . . arising out of or based upon" a breach of the agreement); *see also* Doc. 23 (denying Budco's first motion for default judgment against Miller and Finley without prejudice because, among other things, "a judgment on the merits for the answering party should accrue to the benefit of the defaulting party" (quoting *United Fire & Cas. Ins. Co. v. Thompson*, No. 09-CV-00051, 2010 WL 561578, at *2 (E.D. Mo. Feb. 10, 2010)).

The Court thus reviews for reasonableness all the hours counsel for Budco expended in the case. "[I]n determining hours reasonably expended, the Court should exclude 'excessive, redundant or otherwise unnecessary' hours regardless of the attorneys' skill, reputation or experience." *Smith*, 751 N.W.2d at 480 n.17 (quoting *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988)).

Budco argues that the hours expended were reasonable because it "had to first spend time and money locating defendants," serve them, and then "address[] complex issues regarding jurisdiction . . . ." Doc. 85 at p. 3. Budco also argues that it had to conduct discovery and negotiations with defendant Simpson and ultimately had to move to enforce settlement with Simpson "prior to obtaining default judgment against defendants Miller and Finley to avoid the possibility of inconsistent judgments." *Id.*

As an initial matter, the Court notes that Budco's proposed total includes $12,870.00 in fees for 77.6 hours expended by eight individuals that Budco does not mention anywhere in its affidavit or memoranda regarding attorneys' fees: Bob Guest, Bradley Crandall, Kathleen Bilderback, Kim Schimweg, Joel Burch, Laura Heaton, Anita Fuller, and Ira Potter. *See* Doc.

5

83-1 at p. 6; *see generally* Docs. 83, 85.  Accordingly, the Court does not award fees for hours those eight individuals expended.

Next, the Court notes that Budco's billing records include hours counsel for Budco expended preparing a motion for summary judgment.  *See, e.g.*, Doc. 83-1 at p. 16.  However, Budco ultimately reached a settlement agreement ahead of the summary-judgment deadline, and did not file a summary-judgment motion.  *See* Docs 43, 50; *see also* Doc. 78 at pp. 3–5.  The Court has not found any relevant authority stating that hours expended on such a motion are *per se* unnecessary.  And because Budco and Simpson reached a settlement just two weeks before the summary-judgment deadline, the Court concludes that the hours counsel for Budco expended preparing for summary judgment were not "excessive, redundant, or otherwise unnecessary." *Smith*, 751 N.W. at 480.

The Court also notes that some of the billing entries Budco submitted are "block-billed." However, having reviewed those entries, the Court concludes that the entries "are sufficiently detailed to permit an analysis of what tasks were performed, the relevance of those tasks to the litigation, and whether the amount of time expended on those tasks was reasonable." *Lakeside Retreats*, 985 N.W.2d at 236 (rejecting a challenge "to the use of block billing as *per se* precluding a determination of reasonable hours expended on a matter").

Other than the specific issues addressed above, having carefully considered Budco's arguments, as well as the billing records it submitted, the Court concludes that the remainder of the hours Budco's counsel expended on the case are reasonable.  *See League of Women Voters of Missouri v. Ashcroft*, 5 F.4th 937, 940 (8th Cir. 2021); *see also Rawa v. Monsanto Co.*, 934 F.3d 862, 870 (8th Cir. 2019) (concluding that district court's statement "that it had taken both the parties' arguments and the submitted billing records under careful consideration in determining

the fee award" was enough to show that it "fulfilled its responsibility of providing a concise but clear explanation of its reasons" (cleaned up)).  Thus, the Court uses the hourly totals Budco submitted, minus the hours expended by the eight individuals mentioned above—resulting in a total of $59,912.50 in fees based on 182.37 hours expended.

### C. *Smith–Pirgu* factors

Finally, the Court must determine whether an upward or downward adjustment is appropriate based on a review of eight factors:

> (1) the experience, reputation, and ability of the lawyer or lawyers performing the services,
>
> (2) the difficulty of the case, i.e., the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly,
>
> (3) the amount in question and the results obtained,
>
> (4) the expenses incurred,
>
> (5) the nature and length of the professional relationship with the client,
>
> (6) the likelihood, if apparent to the client, that acceptance of the particular employment will preclude other employment by the lawyer,
>
> (7) the time limitations imposed by the client or by the circumstances, and
>
> (8) whether the fee is fixed or contingent.

*Pirgu*, 884 N.W.2d at 264.  The Court's review of these factors below further supports a finding that Budco's requested fees are reasonable, but does not justify adjustment in either direction.  The Court also notes that Budco does not request an upward adjustment from its proposed hourly rate.  *See* Doc. 85 at p. 5.

Regarding the first factor, Budco's attorneys have "collective experience of over 50 years practicing law, including litigation in federal and state courts."  Doc. 85 at p. 3; *see also* Doc. 85-3 at p. 1 (stating that Sant has practiced law in Missouri for 37 years).  Second, the case involved

7

complex issues involving multiple jurisdictions and requiring application of Missouri and Michigan law.  As evidenced by the results they obtained, Budco's attorneys possessed the skill necessary to properly perform the legal services the case required.  Third, Budco obtained a financial settlement with Simpson and obtained approximately $520,000 in damages pursuant to its fraud and breach-of-contract claims against Miller and Finley.  *See* Docs. 78, 82.  Budco's success in obtaining the damages it sought in the case supports the reasonableness of the fees it requests.  Fourth, Budco incurred significant expenses finding and serving the defendants in this case, resulting in Budco's success in obtaining clerk's default and default judgment against Miller and Finley.  Fifth, while "Budco was not a regular client of Affinity Law Group prior to this case," through this litigation Budco states that its counsel "have become well acquainted with Budco's business operations and history as related to the claims against defendants in this case." Doc. 85 at p. 4.

As factors six, seven, and eight appear irrelevant to the request for fees in this case, the Court need not consider them.  *See, e.g.*, *Hemlock Semiconductor Corp. v. Solarworld Indus. Sachsen GmbH*, No. 13-CV-11037, 2016 WL 6471192, at *12 (E.D. Mich. Nov. 2, 2016), *aff'd sub nom. Hemlock Semiconductor Operations, LLC v. SolarWorld Indus. Sachsen GmbH*, 702 F. App'x 408 (6th Cir. 2017) (citing *Doe v. Doe*, No. 307420, 2014 WL 6852750, at *22 (Mich. Ct. App. Dec. 4, 2014)).  In sum, the Court concludes that the relevant factors support the reasonableness of the fee requested, but do not warrant an upward or downward departure.

**D.     Expenses**

Finally, Budco moves for a total of $3,366.26 in expenses, including $1,850.00 for private investigators.  Doc. 83 at pp. 5–6.  As the Court previously noted, Doc. 84 at p. 3, Miller and Finley signed the Budco–VSC Now Agreement as personal guarantors for the "Seller," VSC

8

Now, LLC.  Doc. 1-1 at p. 6.  The Agreement contains a provision stating that the Seller agrees to indemnify Budco against "all expenses incurred (including but not limited to, actual reasonable legal fees) . . . in connection with or arising out of" the "Seller's breach of any of the terms of this Agreement."  *Id.* at p. 3.

By using the language "all expenses incurred," the Court determines that the parties agreed that Miller and Finley—as guarantors of VSC Now's obligations under the Agreement—would pay Budco's expenses in a suit such as this one.  *See, e.g.*, *Weitz Co. v. MH Washington*, 631 F.3d 510, 536 (8th Cir. 2011) ("By using the language 'all costs,' the parties agreed that all legal expenses of the prevailing party were to be paid by the unsuccessful party if litigation was necessary to enforce the contract, overriding the strictures of [28 U.S.C.] § 1920.").  Further, having reviewed Budco's billing records, the Court determines that the expenses sought are reasonable.  Accordingly, the Court includes along with the fee award $3,366.26 in legal expenses.

## III.   Conclusion

For the reasons stated above, the Court grants in part and denies in part Budco's [83] Motion for Attorney Fees.  The Court awards Budco contractual attorney's fees of $59,912.50 and expenses of $3,366.26, for a total of $63,278.76.  Interest on these awards accrues according to statute.  *See* 28 U.S.C. § 1961.

So Ordered this 28th day of June 2023.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE

9